## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

JARVIS LAMAR MIMS,     )
                            )
    Petitioner,       )
                            )     **CASE NO.  1:17-CV-8013-SLB**
    vs.                )     **CRIM. CASE NO. 1:14-CR-0081-SLB-JHE**
                            )
UNITED STATES OF AMERICA,  )
                            )
    Respondent.     )

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on petitioner Jarvis Lamar Mims's

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody [hereinafter Motion to Vacate].  (Doc. 1; crim. doc. 38.)[1]  Mims contends

that his prior convictions for unlawful distribution of a controlled substance and for first

degree possession of marijuana were improperly used to enhance his sentence under the

Armed Career Criminal Act ["ACCA"], 18 U.S.C. § 924(e).  Because Mims's claims are

without merit, the court assumes that his Motion to Vacate is timely filed and is not

procedurally barred.  For the reasons set forth below, the court finds that Mims's Motion to

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear
as "(Doc. __)."  Citations to documents in the court's record in the criminal proceedings
against petitioner, Case No. 1:14-CR-0081-SLB-JHE, appear as "(Crim. Doc. __)."  Page
number citations refer to the page numbers assigned to the document by the court's CM/ECF
electronic filing system.

Vacate is due to be denied and his petition is due to be dismissed without requiring the

Government to respond.  See 28 U.S.C. 2255(b).[2]

## I.  BACKGROUND

On March 26, 2014, the United States filed an Indictment against Mims. (Crim. doc.

1.)  The Indictment charged Mims with a single count:

> On or about the 13th day of October, 2013, in Talladega County, within the Northern District of Alabama, the defendant,
>
> **JARVIS LAMAR MIMS**,
>
> after having been convicted on November 20, 2003, in the Circuit Court of Talladega County, Alabama, of the offense of Unlawful Possession of Marijuana, 1st Degree, in case number CC 2003 000454; and after having been convicted on November 24, 2009, in the Circuit Court of St. Clair County, Alabama, of the offense of Unlawful Distribution of a Controlled Substance, in case number CC 2009-000358; and after having been convicted on November 24, 2009, in the Circuit Court of St. Clair County, Alabama, of the offense of Unlawful Distribution of a Controlled Substance, in case number CC2009 000359; and after having been convicted on November 24, 2009, in the Circuit Court of St. Clair County, Alabama, of the offense of Unlawful Distribution of a Controlled Substance, in case number CC2009 000360, each of the said offenses being a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, that is, a Smith and Wesson .38 caliber pistol, in violation of Title 18, United States Code, Section 922(g)(1).

(Crim. doc. 1.)

---

[2]"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).

Mims pleaded guilty. (See crim. doc. 29.) At the plea hearing, the following discussion occurred between the court and Mims:

THE COURT: So, Mr. Mims, it appears that you may be subject to an enhanced penalty here under the [ACCA], and both your lawyer and the government think that you probably are subject to this. Do you understand what I just said?

THE DEFENDANT: Yes, ma'am.

THE COURT: So if you are subject to the enhanced penalty, or a worse penalty, I guess you could say, a longer sentence, then the maximum sentence you're facing by pleading guilty today, the maximum sentence you're facing is a fine of not more than $250,000, a custodial sentence of not less than 15 years . . . , a supervised release time of not more than five years, an assessment fee of $100.

So do you understand that . . . is likely, very likely, the sentence you're facing, not less than 15 years in custody and a $250,000 fine? Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, if you are not subject – and whether you're subject to that penalty or not depends on the number and kind of prior felony convictions you have, and they have here convictions that appear to me also to subject you to that penalty, but I won't decide that until the time of sentencing.

But if you are not subject to that enhanced penalty, then you're facing a fine of not more than $250,000, a custodial sentence of not more than ten years, a supervised release time of not more than three years and an assessment fee of $100.

So do you understand what I just said to you what your sentence would be if you're not subject to that enhanced penalty?

THE DEFENDANT: Yes, ma'am.

THE COURT: But, again, I just want to make sure you understand that it appears at this time that you're pleading guilty to a crime that would cause the penalty that you're facing, based on your prior record, the custodial portion of that sentence would be not less than 15 years. Do you understand?

THE DEFENDANT: Yes, Your Honor.

(Crim. doc. 29 at 7-9.)

Prior to sentencing the Probation Office prepared a Presentence Investigation Report [PSR], which noted four prior convictions for drug offenses: "a prior conviction for Possession of

Marijuana, 1st Degree, in Talladega County Circuit Court case number CC 03-454, and three prior convictions for Unlawful Distribution of a Controlled Substance in St. Clair County Circuit Court case numbers CC 09-358, CC 09-359, and CC 09-360." (Crim. doc. 17 at 7.) For purposes of the United States Sentencing Guidelines [USSG] § 4A1.2,[3] the St. Clair County convictions were considered a "single sentence with each other because there was not an intervening arrest and the sentences were imposed on the same day." (Id.) However,

---

[3]This Guideline, used to determine a defendant's criminal history category, states:

If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2)(emphasis added).

"Because the St. Clair County Circuit Court cases occurred on different occasions, separated by several days, they have been properly counted as separate and distinct predicate offenses, notwithstanding the fact that they were counted as a single sentence under the provisions of USSG § 4A1.2(a)(2)." (Id. at 8 [emphasis added].)  The PSR noted that Mims was an armed career criminal, and he was subject to an enhanced sentence under 18 U.S.C. § 924(e)(1).  (Id. at 7-8.)

After entering his plea but before sentencing, Mims sought to have his counsel removed.  (Crim. doc. 14.)  At the hearing on Mims's Motion, the following discussion occurred:

> [THE COURT:]  Mr. Mims, if you would express to me the problems that you say you're having.  I've read your motion, but tell me what the issue that you have with Mr. Threatt is and let me see what the problem is.
>
> . . .
>
> THE DEFENDANT: I had asked for some objections [to] my [PSR], and they never had been done.
>
> THE COURT: Okay.  Tell me what they are.  Tell me what objections, because he cannot make objections – well, I say he cannot.  He has to have a good faith basis to make the objection.  So if you want to tell me what those objections are.
>
> . . . Is there anything else other than that?
>
> THE DEFENDANT:  No, ma'am.
>
> THE COURT:  You were just upset that he did not make some objections to the PSR?
>
> THE DEFENDANT:  Yes, ma'am.

THE COURT: What did you want him to object to?

THE DEFENDANT: The main one is Paragraph [30].[4]

. . .

THE COURT: Paragraph 30. . . . What is it that you wanted him to object to about that because under the law – in other words, these are the convictions that caused you to be classified as an armed career criminal, and they do increase your guidelines greatly as you know.

---

[4]This paragraph discusses the three convictions for the consolidated unlawful distribution charges; the Probation Officer stated:

The defendant was represented by counsel. These sentences are counted as a single sentence because there was not an intervening arrest, and the sentences were imposed on the same date. However, these offenses were committed on occasions different from one another; therefore, they count separately for armed career criminal purposes. The defendant was charged with Sell Near School (count 2) and Sell Near Public Housing Project (count 3), in all three cases. However, these counts were dismissed in each case.

Details: The Indictment charged that on January 23, 2009, the defendant unlawfully sold, furnished, gave away, manufactured, delivered, or distributed cocaine. The defendant, allegedly sold cocaine within three miles of Iola Roberts Elementary School and a public housing project. (CC 09-358). The Indictment charged that on January 29, 2009, the defendant unlawfully sold, furnished, gave away, manufactured, delivered, or distributed cocaine. The defendant, allegedly sold cocaine within three miles of Iola Roberts Elementary School and a public housing project. (CC 09-359). The Indictment charged that on February 2, 2009, the defendant unlawfully sold, furnished, gave away, manufactured, delivered, or distributed cocaine. The defendant, allegedly sold cocaine within three miles of Iola Roberts Elementary School and a public housing project. (CC 09-360).

**These three convictions are considered "serious drug offenses" as defined at 18 U.S.C. § 924(e)(2)(A).**

(Crim. doc. 17 at 12-13 [emphasis in original].)

Has he explained that to you?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  But what is the basis that you wanted him to object to this?

THE DEFENDANT:  The distributions.

THE COURT:  Wait a minute.  Were you convicted on three counts of unlawful distributions as set forth in CC-09-358, 09-359 and 09-360?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  You were convicted of that, of three different cases of distribution?

THE DEFENDANT:  Yes, ma'am.

. . .

THE DEFENDANT:  I was saying they ran my sentence concurrent like they ran them all together.

THE COURT:  Right.

THE DEFENDANT:  And that's considered as one; right?

. . .

THE DEFENDANT:  They don't consider it as one?

THE COURT:  Well, it says here, "The sentences were counted" – are you there to read with me?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  "The sentences were counted as a single sentence because there was not an intervening arrest."  I'm not sure.  What dates did they occur?  Do you have that somewhere?

PROBATION OFFICER:  It's under the details.

THE COURT:  The details below.  So one case occurred on January 23rd.  If you'll read on the next page, one on January 29th, and one distribution on February 2nd, 2009.  So there were three separate occasions, according to this.

Is that correct?  Is that what happened?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  Let me ask you one thing.  . . .

. . .

THE COURT:  I was just verifying with probation there were three separate indictments, but the sentences all ran together; is that right?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  Mr. Mims, under the law, as stated here in Paragraph 30, because the offenses were committed on occasions that were different from one another, in other words on different dates, January 23rd, January 29th, February 2nd, they count separately for purposes of determining whether you're subject to the Armed Career Criminal Act.

. . .  [I]t's one thing to have an arguable basis, even though it's not clear, but here the objection would be clearly due to be overruled.  He really wouldn't have had an argument to make.

THE DEFENDANT:  Yes, ma'am.

(Crim. doc. 31 at 3-7 [footnote added].)  The court denied Mims's Motion to Appoint New

Counsel.  (Id. at 12; see also Text Order, Sept. 10, 2014.)

Prior to sentencing, Mims, acting pro se, filed an Objection to the PSR, stating that

his correct Guidelines range was 100-125 months.  (Crim. doc. 16 at 1.)  He stated, inter

alia, that his conviction on November 24, 2009, for three distribution offenses should count as only one serious drug offense.  (Id. at 2.)  At sentencing the court agreed that, without sentencing enhancement as an armed career criminal, the "Guidelines would be 100 to 125;" however, it told Mims, "since you are classified correctly as an armed career criminal, your Guideline range becomes much higher."  (Crim. doc. 28 at 4.)  The court overruled Mims's pro se Objection and sentenced him to a custodial sentence of 15 years, the mandatory minimum under 18 U.S.C. § 924(e)(1).  (Crim. doc. 19 at 2; crim. doc. 28 at 11.)

Mims appealed his sentence to the Eleventh Circuit Court of Appeals.  (See crim. docs. 23, 26.)  On appeal, the Circuit Court held:

> The ACCA imposes a mandatory minimum sentence of 15 years' imprisonment if a defendant has three (or more) prior convictions for qualifying offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).  "This requirement means that the defendant's prior convictions must have resulted from crimes that are 'temporally distinct' and arise out of 'separate and distinct criminal episode[s].'"  United States v. Kirk, 767 F.3d 1136, 1141 (11th Cir. 2014)(quoting United States v. Sneed, 600 F.3d 1326, 1329 (11th Cir. 2010)).  "[S]o long as [the] predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA."  Id. (internal quotation marks omitted).  "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small."  Id. (internal quotation marks omitted).  Indeed, even offenses committed on the same day can qualify as separate and distinct convictions for purposes of the ACCA. See, e.g., United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013); United States v. Proch, 637 F.3d 1262, 1265–66 (11th Cir. 2011).
>
> In 2005, the Supreme Court held that "enquiry under the ACCA to determine" the qualification of a prior conviction as an ACCA predicate "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable

judicial record of this information." Shepard, 544 U.S. at 26, 125 S. Ct. 1254. The parties in this case disagree about when this duty attaches, with the government asserting it applies only to facts in dispute at sentencing and Mr. Mims contending that the district court must always consult these documents in qualifying prior convictions. Even assuming arguendo, however, that Mr. Mims's position is correct, he cannot establish that any error affected his substantial rights.

An error affects a defendant's substantial rights if, without its occurrence, there is a reasonable probability that the outcome of the district court proceedings would have been different. Rodriguez, 398 F.3d at 1299. In this case, Mr. Mims conceded that his prior distribution convictions occurred on three different dates in 2009. See United States v. Bennett, 472 F.3d 825, 832, 833-34 (11th Cir. 2006)(emphasizing that, if a defendant fails to lodge specific objections to facts contained in a PSI despite the opportunity to do so, "he is deemed to have admitted those facts"). Our binding precedent makes clear that these convictions, as admitted, constitute separate and distinct convictions for purposes of the ACCA. See Kirk, 767 F.3d at 1141; Weeks, 711 F.3d at 1261; Proch, 637 F.3d at 1265-66. Thus, even had the district court consulted Shepard-approved documents in determining which offenses qualified under the ACCA, the court would have concluded that the distribution offenses qualified separately, and the ACCA would have applied anyway. Moreover, because the district court imposed the statutory minimum sentence, Mr. Mims cannot establish that it would have exercised discretion to vary downward had the offenses been treated properly as one. Because Mr. Mims cannot establish that any error affected his substantial rights, we find no reversible error.

United States v. Mims, 622 Fed. Appx. 846, 848-49 (11th Cir. 2015)(emphasis added).

On March 4, 2017, Mims, who is proceeding pro se, filed the instant Motion to Vacate. (Crim. doc. 38; doc. 1.) In his Motion to Vacate, Mims challenges his sentence as an armed career criminal on two grounds: (1) his prior convictions for possession of marijuana in the first degree and for unlawful distribution of a controlled substance are not convictions for serious drug offenses, and (2) his three separate convictions for unlawful

10

distribution of a controlled substance should count as only one prior conviction under the

ACCA.

## II. DISCUSSION

## A. ARMED CAREER CRIMINAL ACT

Section 924(e)(1) states:

> In the case of a person who violates section 922(g) of this title[5] and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1)(footnote added). "A serious drug offense" includes, "an offense under

State law, involving manufacturing, distributing,[6] or possessing with intent to manufacture

or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten

---

[5]Mims was charged with violating 18 U.S.C. 922(g)(1), which states:

(g)  It shall be unlawful for any person –

> (1)  who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Id.

[6]The United States Code defines "distribute" to "mean[ ] to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802 (11).

years or more is prescribed by law." Id. § 924(e)(2)(A)(ii). Also, the requirement that the previous convictions were "committed on occasions different from one another" requires that the crimes of conviction be "temporally distinct" –

> So long as the predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA. Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small, and two offenses are considered distinct if some temporal break occurs between them.

United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013)(internal citations and quotations omitted).

## B. SERIOUS DRUG OFFENSE

Mims argues that his prior convictions for first degree possession of marijuana and unlawful distribution of a controlled substance no longer qualify as serious drug offenses under the ACCA under the categorical approach set forth in Mathis v. United States, 136 S. Ct. 2243 (2016). (Doc. 1 at 4.)

The Eleventh Circuit has held:

> In determining whether a state conviction qualifies as a predicate under the ACCA, we follow what is described as a "categorical approach." Robinson, 583 F.3d at 1295. Under this approach, we are concerned only with the fact of the conviction and the statutory definition of the offense, rather than with the particular facts of the defendant's crime. Id. . . . .

> When a statute covers some conduct that falls within, and other conduct that is broader than, a predicate offense as defined by the ACCA and when that statute is divisible, we may use a modified categorical approach to determine whether a defendant's prior conviction qualifies. See Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2281-82, 186 L. Ed. 2d 438 (2013). Under the modified categorical approach, we look to a limited class

of documents, such as the indictment and jury instructions, to determine which
alternative element was the basis of the defendant's conviction.  Id. at 2281.
We then consider whether that element is encompassed by the ACCA
predicate offense.  Id.

United States v. White, 837 F.3d 1225, 1229 (11th Cir. 2016)(footnote omitted).  Under the

categorical approach, Mims's conviction for possession of marijuana in the first degree and

his three convictions for unlawful distribution of a controlled substance (cocaine) are

"serious drug offenses" under the ACCA.

### 1.  Possession of Marijuana, First Degree

Pursuant to Alabama law, "A person commits the crime of unlawful possession of

[marijuana] in the first degree if, except as otherwise authorized:  (1) He or she possesses

[marijuana] for other than personal use . . . ."  Ala. Code § 13A-12-213(a)(1)(emphasis

added).  "Unlawful possession of [marijuana] in the first degree pursuant to [this]

subdivision . . . is a Class C felony,"  id. (b), and the possible terms of imprisonment for a

Class C felony are "not more than 10 years or less than 1 year and 1 day," Ala. Code § 13A-

5-6(a)(3).

The Eleventh Circuit has held that possession of marijuana "for other than personal

use" under Alabama law is a serious drug offense –

As we explained in Robinson, possession of marijuana "for someone else's
use" necessarily involves possession "with the intent to distribute" it to
another person.  [United States v. Robinson, 583 F.3d 1292,] 1296 [(11th Cir.
2009)].  See also 21 U.S.C. § 802(11) (defining the term "distribute" for
purposes of federal drug laws to mean "deliver").  Consequently, we held that
a conviction for possession of marijuana for other than personal use under

[Ala. Code] §13A-12-213(a)(1) qualifies as a serious drug offense under the
ACCA.  Id. at 1296-97.

White, 837 F.3d at 1230.

Pursuant to binding precedent, the court holds that Mims's conviction for possession

of marijuana in the first degree is a conviction for a "serious drug offense" under the ACCA.

Therefore, the court finds that the files and records of his case conclusively show that Mims

is entitled to no relief.  See 28 U.S.C. § 2255(b).  Mims's Motion to Vacate his sentence on

this ground will be denied.

### 2.  Unlawful Distribution of a Controlled Substance

Mims argues that his convictions for unlawful distribution of a controlled substance

in violation of Ala. Code § 13A-5-211 are not categorically serious drug offenses.  The court

disagrees.

Section 13A-5-211 states, "A person commits the crime of unlawful distribution of

controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives

away, delivers, or distributes a controlled substance enumerated in Schedules I through V."

Ala. Code § 13A-12-211(a).  "Distribution of cocaine includes selling, furnishing, or

delivering cocaine."  Hemphill v. State, 669 So. 2d 1020, 1022 (Ala. Crim. App. 1995); see

also Carson v. State, 610 So. 2d 1251, 1252 (Ala. Crim. App. 1992)("A person violates

§13A-12-211 if he participates in the sale of a controlled substance.  To 'furnish' as it is

stated in the above statute means to supply by any means, by sale or otherwise."(internal

quotations, emphasis, and citations omitted)).  "Unlawful distribution of [a] controlled

substance is a Class B felony," Ala. Code § 13A-12-211(b), and the possible terms of imprisonment for a Class B felony are "not more than 20 years or less than 2 years," Ala. Code § 13A-5-6(a)(2).

As set forth above, the ACCA defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii)(emphasis added). Mims was charged with, and convicted by guilty plea of, "unlawful distribution of a controlled substance" on three separate occasions.[7] The Eleventh Circuit has held that unlawful

---

[7]Specifically, Count 1 of each of the three Indictments charges Mims as follows:

Case No. CC 09-358: JARVIS LAMAR MlMS . . . did on or about January 23, 2009 unlawfully sell, furnish, give away, manufacture, deliver or distribute, cocaine, a controlled substance, while at or near Pell City, St. Clair County, Alabama, contrary to and in violation of Section 13A-12-211 (a) of the Code of Alabama, 1975, against the peace and dignity of the State of Alabama. (Doc. 1-1 at 21.)

Case No. CC 09-359: JARVIS LAMAR MlMS . . . did on or about January 29, 2009 unlawfully sell, furnish, give away, manufacture, deliver or distribute, cocaine, a controlled substance, while at or near Pell City, St. Clair County, Alabama, contrary to and in violation of Section 13A-12-211 (a) of the Code of Alabama, 1975, against the peace and dignity of the State of Alabama. (Id. at 25.)

Case No. CC 09-360: JARVIS LAMAR MlMS . . . did on or about February 2, 2009 unlawfully sell, furnish, give away, manufacture, deliver or distribute, cocaine, a controlled substance, while at or near Pell City, St. Clair County, Alabama, contrary to and in violation of Section 13A-12-211 (a) of the Code of Alabama, 1975, against the peace and dignity of the State of Alabama. (Id. at 25.)

distribution of a controlled substance under Alabama law is a serious drug offense. See United States v. Smiley, 263 Fed. Appx. 765, 769 (11th Cir. 2008)("Smiley had been convicted of three counts of unlawful distribution of a controlled substance under Ala. Code § 13A-12-211, a Class B felony punishable by not more than twenty years. Thus, Smiley's prior convictions meet the definition of a serious drug offense.")(internal citations omitted);[8] see, e.g., United States v. Beasley, 447 Fed. Appx. 32, 36-37 (11th Cir. 2011)(finding conviction for unlawful distribution of a controlled substance under Alabama law was a serious drug offense); Thomas v. United States, No. 1:12-CR-0076-SLB-TMP, 2016 WL 4920046, *5 (N.D. Ala. Sept. 15, 2016)(finding conviction for unlawful distribution under Alabama law was a serious drug offense under the ACCA definition). Clearly the elements of § 13A-12-211(a) and the ACCA's definition of a serious drug offense match.[9]

---

[8]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (emphasis added).

[9]In support of his argument, Mims cites the court to United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), a Sentencing Guidelines case. The Hinkle court addressed the issue of whether a Texas statute prohibiting delivery of a controlled substance, Tex. Health & Safety Code § 481.112, was indivisible and, therefore, whether delivery by "offering to sell a controlled substance," see Tex. Health & Safety Code 481.002, was an element of the offense or a means of committing the offense. Hinkle, 832 F.3d at 574-75. The court held that the statute at issue was not divisible. Also, it held, "The 'delivery' element of Hinkle's crime of conviction criminalize[d] a 'greater swath of conduct than the elements of the relevant [Guidelines] offense,'" because it criminalized an "offer to sell." Id. at 576. The Fifth Circuit had previously decided that an offer to sell a controlled substance was not a controlled substance offense within the meaning of U.S.S.G. § 4B1.2(b). See Hinkle, 832 F.3d at 571 and n.8 (citing United States v. Price, 516 F.3d 285, 287 (5th Cir. 2008); United States v. Gonzales, 484 F.3d 712, 714-15 (5th Cir. 2005); United States v. Garza-Lopez, 410

Thus, the court finds that the files and records of Mims's case conclusively show that he is entitled to no relief based on his contention that unlawful distribution of a controlled substance under Alabama Code § 13A-12-211(a) is not a serious drug offense under the ACCA. See 28 U.S.C. § 2255(b). Therefore, his Motion to Vacate his sentence on this ground will be denied without notice to the United States attorney.

## B. SEPARATE OFFENSES

Mims argues that his three convictions for unlawful distribution of a controlled substance should be treated as a single prior conviction for a serious drug offense because his separate Indictments were consolidated[10] and he was sentenced to concurrent terms of

---

F.3d 268, 274 (5th Cir. 2005)). The Alabama statute has not been interpreted to include an offer to sell nor has the court found any cases in this Circuit holding that a conviction based on an offer to sell would not qualify as a serious drug offense.

[10]Mims argues that his consolidated offenses are to be treated as one offense pursuant to Ala. R. Crim. App. 13.3(c). This Rule states:

(a) Offenses. Two or more offenses may be joined in an indictment, information, or complaint, if they:

(1) Are of the same or similar character; or

(2) Are based on the same conduct or are otherwise connected in their commission; or

(3) Are alleged to have been part of a common scheme or plan.

Two or more offenses shall not be joined in the same count. Felonies and misdemeanors may be joined in separate counts of the same indictment or information.

. . .

imprisonment.  (Doc. 2 at 21-30.)  However, "It matters not for § 924(e) purposes that the legal consequences of [Mims's] separate criminal acts were imposed upon him on the same day.  Nor does it matter that the legal consequences were sentences to be served concurrently instead of consecutively."  United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995)(citations omitted).  "The language of the [ACCA] requires only that the prior felonies or offenses be 'committed on occasions different from one another,' not that the convictions be obtained on separate occasions."  Id. (quoting 18 U.S.C. § 924(e)(1)).  Mims admitted to the court that he was charged and convicted of selling cocaine to a confidential informant on three different days – "occasions different from one another."  See United States v. Allen,

---

(c) Consolidation.  If offenses or defendants are charged in separate indictments, informations, or complaints, the court on its own initiative or on motion of either party may order that the charges be tried together or that the defendants be joined for the purposes of trial if the offenses or the defendants, as the case may be, could have been joined in a single indictment, information, or complaint.  Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment, information, or complaint.  However, the court shall not order that the offenses or the defendants, as the case may be, be tried together without first providing the defendant or defendants and the prosecutor an opportunity to be heard.

(d) Trial.  Offenses and defendants joined in the same indictment, information, or complaint shall be jointly tried unless severed as provided in Rule 13.4.  The fact that offenses are jointly tried shall not affect the court's power to sentence the defendant separately for each offense of which the defendant is convicted; nor shall it affect the court's power to provide that sentences shall run concurrently or consecutively, just as if the defendant had been tried separately for each offense.

Ala. R. Crim. P. 13.3 (a), (c)-(d).  Consolidating the three Indictments resulted in the three separate cases being treated procedurally as three counts in a single Indictment; it did not result in the dismissal of two of the three cases as Mims argues.

488 Fed. Appx. 377, 378-80 (11th Cir. 2012)(two counts in single Indictment for selling cocaine on two different days consider two prior convictions for serious drug offenses).

On direct appeal, the Eleventh Circuit held that Mims's three convictions for unlawful distribution qualified as three convictions for a serious drug offense for purposes of the ACCA. As set forth above, it held:

> In this case, Mr. Mims conceded that his prior distribution [offenses] occurred on three different dates in 2009. See United States v. Bennett, 472 F.3d 825, 832, 833-34 (11th Cir. 2006)(emphasizing that, if a defendant fails to lodge specific objections to facts contained in a PSI despite the opportunity to do so, "he is deemed to have admitted those facts"). Our binding precedent makes clear that these convictions, as admitted, constitute separate and distinct convictions for purposes of the ACCA. See Kirk, 767 F.3d at 1141; Weeks, 711 F.3d at 1261; Proch, 637 F.3d at 1265-66. Thus, even had the district court consulted Shepard-approved documents in determining which offenses qualified under the ACCA, the court would have concluded that the distribution offenses qualified separately, and the ACCA would have applied anyway. Moreover, because the district court imposed the statutory minimum sentence, Mr. Mims cannot establish that it would have exercised discretion to vary downward had the offenses been treated properly as one. Because Mr. Mims cannot establish that any error affected his substantial rights, we find no reversible error.

United States v. Mims, 622 Fed. Appx 846, 849 (11th Cir. 2015). Mims has not presented any basis for this court to set aside the clear holding of the Eleventh Circuit's decision on his direct appeal.

> The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977). . . . A rejected claim does not merit rehearing on a different, but previously available, legal theory. Cook v. Lockhart, 878 F.2d 220, 222 (8th Cir. 1989).

United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)(footnote omitted; emphasis added).

The Eleventh Circuit rejected Mims's claim that his three convictions for unlawful distribution of a controlled substance should be treated as a single conviction for a serious drug offense for purposes of the ACCA. And, this court finds that the files and records of his case conclusively show that Mims is entitled to no relief as to this ground. See 28 U.S.C. § 2255(b). Therefore, his Motion to Vacate his sentence on this ground will be denied.

## CONCLUSION

Based on the foregoing, the Motion to Vacate, filed by petitioner Jarvis Lamar Mims, (doc. 1; crim. doc. 38), is due to be denied. An Order denying the Motion to Vacate and dismissing Mims's habeas petition will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Mims is not entitled to any habeas relief; reasonable jurists could not disagree. He has not demonstrated that any of the issues he raises are reasonably debatable and/or deserve encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 1st day of June, 2017.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE